DECISION.
{¶ 1} Defendant-appellant Terry Summers appeals the judgment of the Hamilton County Municipal Court convicting him, following a bench trial, of disorderly conduct in violation of R.C. 2917.11(A)(3). Because there was insufficient evidence to support the conviction, we reverse the judgment of the trial court and discharge Summers.
{¶ 2} The record reveals the following facts. Terry Summers is a member of a group called "Black Fist," which protests allegations of police misconduct. In the early evening of August 1, 2002, Black Fist was protesting at the intersection of Vine Street and Fifth Street in downtown Cincinnati. Summers was walking back and forth across the street at the crosswalk, dragging a sign and shaking a small black baseball bat over his head. Upon observing Summers's actions while protesting, police officers arrested Summers for disorderly conduct because they perceived his actions as threatening to the passing motorists. Summers told the police that he was merely shaking the bat over his head and yelling "Black Power" to passing motorists.
{¶ 3} At trial, Police Officer David Johnston testified that Summers had been holding a bat over his head and that he had believed that Summers's actions would provoke a violent response from passersby. Police Officer Pat Norton testified that Summers had been holding a small black baseball bat over his head and shaking it. But neither officer could hear what Summers was saying to the passing motorists.
{¶ 4} At the conclusion of the testimony, the trial court found Summers guilty of disorderly conduct and ordered him to pay a $100 fine and court costs. In this appeal, Summers now brings forth three assignments of error.
{¶ 5} In his first assignment of error, Summers asserts that the trial court's judgment was not supported by sufficient evidence. The test for sufficiency of the evidence is whether, with the evidence viewed in a light most favorable to the prosecution, any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[1]
{¶ 6} R.C. 2917.11(A)(3) provides that "[n]o person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following: * * * (3) [i]nsulting, taunting, or challenging another, under circumstances in which such conduct is likely to provoke a violent response * * *." Thus, we must determine if a reasonable trier of fact could have found that Summers had recklessly caused inconvenience, annoyance, or alarm to another by insulting, taunting, or challenging another under circumstances in which such conduct was likely to provoke a violent response.
{¶ 7} There is evidence in the record upon which a reasonable trier of fact could have found beyond a reasonable doubt that Summers had in fact caused inconvenience and annoyance. The two police officers testified that the protest occurred during the afternoon rush hour, that there was heavy motorist and pedestrian traffic and that, despite the traffic, Summers was walking very slowly across the street. But the evidence was not sufficient to support the remaining elements of disorderly conduct beyond a reasonable doubt.
{¶ 8} There was no evidence that Summers had acted recklessly or had taunted or challenged any passing motorist. Summers stayed within the crosswalk when crossing the street and presumably crossed with the light in his favor, as there was no charge of jaywalking. Further, both officers testified that they had not heard what Summers was saying to the passing motorists. Although there was testimony that Summers had raised his bat in the air and shaken it, neither officer said that Summers had swung his bat at any passing car. Simply protesting within the limits of the law did not reasonably support the inference that Summers was insulting, taunting, or challenging passing motorists. Further, from our review of the record, we hold that peacefully protesting in a crosswalk while raising a small bat in the air and yelling "Black Power," without swinging the bat so as to hit a passing vehicle, was not something that was likely to provoke a violent response.
{¶ 9} Accordingly, there was insufficient evidence to support the disorderly-conduct conviction beyond a reasonable doubt. The first assignment of error is sustained.
{¶ 10} As we have held that there was insufficient evidence to support Summers's conviction for disorderly conduct, we reverse the judgment of the trial court and discharge Summers. Because we have discharged Summers based on the first assignment of error, the remaining assignments of error are moot and we decline to address them.
Judgment reversed and appellant discharged.
Sundermann, P.J., Hildebrandt and Gorman, JJ.
[1] State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.